**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DELANO HOWARD,** | : | **CIVIL ACTION NO. 1:20-CV-2213** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **AT&T MOBILITY SERVICES, LLC,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

Plaintiff Delano Howard commenced this action against his employer, defendant AT&T Mobility Services, LLC ("AT&T"), alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. AND CONS. STAT. ANN. § 951 *et seq.* AT&T moves to dismiss Howard's complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we will grant in part and deny in part AT&T's motion.

**I.      Factual Background & Procedural History**

AT&T hired Howard on March 18, 1996, to a Customer Care Representative position. (See Doc. 1 ¶ 7). Howard alleges AT&T discriminated against him because of his age—51 at all times relevant to the complaint—and retaliated against him for reporting that discrimination. (See id. ¶¶ 62-76, 88; see also id. ¶ 5). He claims AT&T's management made discriminatory comments to him, including asking if he was "retiring soon." (See id. ¶ 15; see also id. ¶ 73). As

further examples of discriminatory treatment, Howard alleges management

disciplined him, reduced his salary, and demoted him in an attempt to force his

resignation, all because of his age.  (See id. ¶¶ 62-74).  Howard also alleges AT&T

discriminated against him on the basis of his African American race.  (See id. ¶¶ 48-

58).  He claims AT&T disciplined him for overtime and other workplace violations

but failed to investigate or discipline younger, Caucasian coworkers for similar

violations.  (See id. ¶¶ 52-55).

On January 12, 2020, Howard filed a complaint against AT&T with the

Equal Employment Opportunity Commission ("EEOC") alleging ADEA violations

and retaliation.[1]  (See Doc. 20-1 at 19-21).  Howard dual-filed his complaint with

the Pennsylvania Human Relations Commission ("PHRC").  (See id.)  The EEOC

investigated Howard's charge before dismissing his claim and issuing a right-to-sue

letter.  (Id. at 25).

Howard commenced this action on November 25, 2020.  In his complaint,

Howard asserts ADEA and Title VII claims of discrimination and retaliation as well

as violations of the PHRA.  AT&T moves to dismiss Howard's complaint pursuant

---

[1] Both parties attach Howard's EEOC charge to their respective briefs.
(See Doc. 19-1; Doc. 20-1 at 19-21).  Courts are usually limited to considering the
complaint's allegations, "exhibits attached to the complaint, matters of public
record, [and] undisputedly authentic documents if the complainant's claims are
based upon these documents."  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir.
2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d
1192, 1196 (3d Cir. 1993)).  Although Howard's EEOC charge was not attached to or
identified in his complaint, we can consider the EEOC charge as a matter of public
record.  See Offer v. Hershey Entm't & Resorts Co., No. 1:19-CV-1078, 2020 WL
3288169, at *1 n.1 (M.D. Pa. June 18, 2020) (Conner, J.) (collecting cases).

to Federal Rule of Civil Procedure 12(b)(6).  The motion is fully briefed and ripe for

disposition.

## II.    <u>Legal Standards</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief may be granted.

<u>See</u> Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule

12(b)(6), the court must "accept all factual allegations as true, construe the

complaint in the light most favorable to the plaintiff, and determine whether, under

any reasonable reading of the complaint, the plaintiff may be entitled to relief."

<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker</u>

<u>v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to

reviewing the facts contained in the complaint, the court may also consider

"exhibits attached to the complaint, matters of public record, [and] undisputedly

authentic documents if the complainant's claims are based upon these documents."

<u>Mayer</u>, 605 F.3d at 230 (citing <u>Pension Benefit Guar. Corp.</u>, 998 F.2d at 1196).

Federal notice and pleading rules require the complaint to provide "the

defendant fair notice of what the . . . claim is and the grounds upon which it rests."

<u>Phillips</u>, 515 F.3d at 232 (alteration in original) (quoting <u>Bell Atl. Corp. v. Twombly</u>,

550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts

a three-step inquiry.  <u>See</u> <u>Santiago v. Warminster Township</u>, 629 F.3d 121, 130-31

(3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a

plaintiff must plead to state a claim.'"  <u>Id.</u> at 130 (alteration in original) (quoting

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a

claim must be separated; well-pleaded facts are accepted as true, while mere legal

conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578

F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual

allegations, it must determine whether they are sufficient to show a "plausible claim

for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550

U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow []

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Iqbal, 556 U.S. at 678.

Federal Rule of Civil Procedure 8(c) classifies a statute of limitations claim

as an affirmative defense that must be pled in an answer to the complaint.  See

FED. R. CIV. P. 8(c).  Nevertheless, the court may dismiss a complaint as time-barred

under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the

cause of action has not been brought within the statute of limitations."  Robinson

v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); see Oshiver v. Levin, Fishbein, Sedran

& Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).  This deficiency must be apparent

on the face of the pleading.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014)

(citation omitted).  Our court of appeals has explained that the meaning of "the face

of the complaint," as it relates to asserting affirmative defenses in a motion to

dismiss, is coextensive with the general Rule 12(b)(6) limitations.  See id.; see also

Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 280 & n.52 (3d Cir. 2016) (citations

omitted) (discussing raising affirmative defense of preclusion in Rule 12(b)(6)

motion).  Thus, materials properly considered include not only the complaint but

also matters of public record, exhibits attached to the complaint, and undisputed

4

materials embraced by the complaint but provided by the defendant.  See Schmidt,

770 F.3d at 249; Hoffman, 837 F.3d at 280 & n.52.

## III.    Discussion

AT&T makes three principal arguments in support of its motion to dismiss:

*first*, that Howard failed to file his ADEA claims within the statute of limitations;

*second*, that Howard failed to exhaust administrative remedies as to his Title VII

claim; and *third*, that Howard failed to exhaust administrative remedies as to his

PHRA claim.  We begin by addressing AT&T's statute-of-limitations arguments.

### A.      Statute of Limitations

Before applying to federal courts for relief, potential ADEA claimants must

first file a charge with the EEOC.  See 29 U.S.C. § 626(e).  Following termination of

the agency's review, often indicated by issuance of a right-to-sue letter, the claimant

may file an action in federal district court.  See id.  Should the claimant choose to

file an action in federal court, they must do so within 90 days of receipt of their

right-to-sue letter from the EEOC.  See id.; see also Ruehl v. Viacom, Inc., 500 F.3d

375, 383 n.11 (3d Cir. 2007) (citing Sperling v. Hoffmann-La Roche, Inc., 24 F.3d 463,

464 n.1 (3d Cir. 1994)).  Courts have construed this 90-day requirement as a statute

of limitations, rather than a jurisdictional prerequisite.  See Meyer v. Riegel Prods.

Corp., 720 F.2d 303, 306 (3d Cir. 1983); see also Seitzinger v. Reading Hosp. & Med.

Ctr., 165 F.3d 236, 239-40 (3d Cir. 1999).   The defendant must prove each element of

the statute-of-limitations defense, "including the date that the limitations period

commenced."  See Vazquez v. Caesar's Paradise Stream Resort, 524 F. App'x 831,

834 (3d Cir. 2013) (nonprecedential) (citing Ebbert v. DaimlerChrysler Corp., 319

F.3d 103, 108 (3d Cir. 2003)).

AT&T contends the EEOC issued Howard's right-to-sue letter on May 1,

2020, and the limitations period began to run three days later, making Howard's

complaint, filed November 25, 2020, 208 days late.  (See Doc. 19 at 5-6).  Absent

evidence to the contrary, federal courts presume a plaintiff received his right-to-sue

letter three days after the EEOC mailed it.  See Seitzinger, 165 F.3d at 239 (citing

FED. R. CIV. P. 6(e), now Rule 6(d)).  Our court of appeals has declined to apply

this rebuttable presumption on a Rule 12(b)(6) motion, however, because, at the

pleading stage, no evidence is yet in the record.  See Silla v. Holdings Acquisition

Co. L.P., No. 20-3556, 2021 WL 4206169, at *2 (3d Cir. Sept. 16, 2021) (declining to

apply presumption to ADA and Title VII complaint silent as to date of receipt of

right-to-sue letter and emphasizing limited nature of Rule 12(b)(6) review).[2]

We decline to apply the presumption of receipt before Howard has the

opportunity to provide evidence to rebut it.  See id.  Howard alleges no details

about the date of receipt of the right-to-sue letter in his complaint.  But he is not

required to.  A plaintiff "need not anticipate or overcome affirmative defenses"

in their pleading; thus, Howard's complaint does not fail to state a claim simply

because it omits facts that might defeat a statute-of-limitations defense.  See id.

---

[2] The court acknowledges that nonprecedential decisions are not binding
upon federal district courts.  Citations to nonprecedential decisions reflect that the
court has carefully considered and is persuaded by the panel's *ratio decidendi*.

(quoting Schmidt, 770 F.3d at 248).  Thus, as it stands, no time bar is evident on the face of Howard's complaint.  See Schmidt, 770 F.3d at 248.

AT&T alternatively argues that Howard received actual notice on May 1, 2020, when an EEOC investigator informed him via email that the EEOC had issued notice of the right to sue.  The time for filing a complaint begins to run when the plaintiff has actual notice of the EEOC decision, through a right-to-sue letter or otherwise.  See Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 252 (3d Cir. 1986) (*per curiam*) (citations omitted).  AT&T's entire actual-notice argument is premised on evidence extraneous to, and inferences unsupported by, Howard's complaint.  Thus, it is necessarily based upon extra-record evidence and cannot be resolved at the Rule 12 stage when we are limited to the allegations of the complaint.  See Mayer, 605 F.3d at 230 (citing Pension Benefit Guar. Corp., 998 F.2d at 1196); see also Silla, 2021 WL 4206169, at *2 (same).  AT&T may raise the issue of actual notice at the Rule 56 stage, on a more fully developed factual record.  We will deny AT&T's motion to dismiss the ADEA claims under Rule 12(b)(6).[3]

### B.    Exhaustion of Administrative Remedies

AT&T also contends that Howard failed to exhaust administrative remedies prior to bringing his Title VII and PHRA claims.  As noted *supra*, before a plaintiff may file suit alleging violations of Title VII or the PHRA in federal court, they must

---

[3] We acknowledge but reject Howard's assertion that "[t]he only relevant limitations period under ADEA is that suit must be brought . . . within two years after the plaintiff's cause of action accrues."  (See Doc. 20 at 9 (second alteration in original)).  Congress amended the ADEA in 1991 to include a 90-day, rather than two-year, statute of limitations for filing civil actions in federal court.  See McCray v. Corry Mfg. Co., 61 F.3d 224, 227 (3d Cir. 1995).

administratively exhaust their claims with the appropriate agency.  See Mandel

v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (citation omitted);

Churchill v. Star Enters., 183 F.3d 184, 190 (3d Cir. 1999).  To meet this requirement,

a complainant must file a charge of discrimination with the EEOC within 180 days

after an allegedly unlawful employment practice.  See 42 U.S.C. § 2000e-5(e)(1).

This deadline extends to 300 days if a complainant files similar charges in a state

with a parallel agency such as the PHRC.  See id.; Mandel, 706 F.3d at 165.  If the

EEOC does not resolve the matter within 180 days after investigating the charges,

the EEOC notifies the complainant with a right-to-sue letter.  See Burgh v. Borough

Council, 251 F.3d 465, 469-70 (3d Cir. 2001) (citing Waiters v. Parsons, 729 F.2d 233,

237 (3d Cir. 1984)).  Receipt of a right-to-sue letter is a prerequisite to filing a private

action.  See id. (citations omitted).  For PHRA claims, the PHRC has "exclusive

jurisdiction" for one year to investigate or conciliate the matter, and only if the one-

year period expires or the PHRC dismisses the charges may the complainant file

suit.  See id. at 471; 43 PA. STAT. AND CONS. STAT. ANN. § 962(c)(1).

A plaintiff generally must exhaust administrative remedies with respect to all

claims, but a court may assume jurisdiction over claims not technically exhausted if

they are reasonably within the scope of the complainant's administrative charges

and would be encompassed by the agency's investigation.  See Mandel, 706 F.3d

at 163 (citations omitted); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208,

1212 (3d Cir. 1984).  There must be a "close nexus" between the facts alleged in the

administrative charge and any newly raised claim.  See Hicks v. ABT Assocs., 572

F.2d 960, 967 (3d Cir. 1978); see also Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996).

The relevant test is whether the alleged acts in the federal lawsuit are fairly encompassed within the scope of the prior agency charge and related investigation. See Antol, 82 F.3d at 1295 (quoting Waiters, 729 F.2d at 237). In determining whether a claim is contemplated in an underlying charge, courts liberally interpret the administrative filing. See Anjelino v. N.Y. Times Co., 200 F.3d 73, 94 (3d Cir. 1999) (quoting Hicks, 572 F.2d at 965).

### 1. *Title VII Claim*

It is undisputed that Howard's EEOC charge does not expressly contain a Title VII race-discrimination claim. (See Doc. 19 at 6-8; Doc. 20 at 11; see also Doc. 20-1 at 19-21). In the EEOC charge, Howard claimed only that management discriminated against him because of his age, that he was retaliated against after he reported this treatment, and that he subsequently accepted a position with lower pay because management hired younger candidates over him. (See Doc. 20-1 at 19). There is not a single allegation in Howard's EEOC charge suggesting AT&T's management discriminated against him on account of his race, nor are there any allegations from which we might infer the race-discrimination claim was within the scope of the resulting investigation. (See id.) Even after construing Howard's EEOC charge liberally, a race-discrimination claim is not within the scope of his EEOC filing.

Howard acknowledges his EEOC charge makes no mention of race discrimination, but asserts that he alleges a race-discrimination claim in his PHRC complaint. (See Doc. 20 at 11-12). We are unable to review Howard's PHRC complaint because he did not submit it with his federal court complaint or with his

opposition brief.  The only items Howard attached to his brief are his PHRC right-to-sue letter, (<u>see</u> Doc. 20-1 at 22), and his PHRC questionnaire, (<u>see</u> <u>id.</u> at 5-18).  The *pro forma* right-to-sue letter provides no insight into whether Howard's PHRC complaint or the resulting investigation included a race-discrimination claim.  (<u>See</u> <u>id.</u> at 22).  Howard did check a box corresponding to race discrimination in the PHRC questionnaire, but allegations which only appear in response to an agency intake questionnaire are insufficient to satisfy the exhaustion requirement.  <u>See</u> <u>Barzanty v. Verizon PA., Inc.</u>, 361 F. App'x 411, 415 (3d Cir. 2010) (collecting cases and holding courts generally cannot consider agency intake questionnaires in measuring scope of charge of discrimination).

We cannot conclude Howard exhausted his administrative remedies as to the Title VII race-discrimination claim without the opportunity to review his PHRC complaint.  We will accordingly dismiss the Title VII claim, with leave to amend.  If Howard wishes to pursue his Title VII claim, he shall file an amended complaint establishing he exhausted administrative remedies and appending a copy of his PHRC complaint.

### 2.    *PHRA Claim*

AT&T argues Howard failed to exhaust his administrative remedies as to his PHRA claim because he failed to allege he filed a complaint with the PHRC.  In response, Howard attaches to his opposition brief a letter from the PHRC, dated June 17, 2020, indicating it had been one year since Howard filed his complaint with the PHRC and confirming he had a right to bring an action in court.  (<u>See</u> Doc. 20-1

at 22).[4]  The letter confirms Howard properly exhausted his PHRA claim.  We will

deny AT&T's motion to dismiss the PHRA claim under Rule 12(b)(6).

## IV.  Conclusion

The court will grant in part and deny in part AT&T's motion (Doc. 17) to

dismiss Howard's complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     May 2, 2022

---

[4] As noted *supra*, we may consider administrative charges and similar
agency documents in ruling on motions to dismiss.  See *supra* at 2 n.1.  The letter
considered here is a matter of public record, was sent by an administrative body,
and is essential to Howard's claim because it shows that he has met his exhaustion
requirements.  See, e.g., Johnson v. Chase Home Fin., 309 F. Supp. 2d 667, 670 (E.D.
Pa. 2004) (considering PHRC document submitted by plaintiff indicating plaintiff's
PHRC complaint was closed).  We also note that AT&T does not challenge
Howard's reliance on this letter in its reply brief.